1  BURKE, WILLIAMS & SORENSEN, LLP
   Daniel W. Maguire (SBN 120002)
2  E-mail: dmaguire@bwslaw.com
   Michael B. Bernacchi (SBN 163657)
3  E-mail: mbernacchi@bwslaw.com
   444 South Flower Street, Suite 2400
4  Los Angeles, CA  90071-2953
   Tel:  213.236.0600
5  Fax:  213.236.2700

6  Attorneys for Defendants
   Unum Group and Unum Life Insurance
7  Company of America

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                    SAN JOSE DIVISION

12

| 13 | LISA M. CADENASSO, | Case No. |
|---|---|---|
| 14 | Plaintiff, | **NOTICE OF REMOVAL OF ENTIRE ACTION** |
| 15 | v. | |
| 16 | UNUM GROUP; UNUM LIFE INSURANCE COMPANY OF AMERICA; DAVE JONES AS COMMISSIONER OF INSURANCE; and DOES 1-20, inclusive, | **[Diversity of Citizenship – 28 U.S.C. § 1441(a)]** |
| 17 | | |
| 18 | | State Action Filed: Sept. 17, 2013 |
| 19 | Defendants. | |

20

21    TO LISA M. CADENASSO AND TO HER ATTORNEYS OF RECORD:

22    Defendants Unum Group and Unum Life Insurance Company of America

23  (collectively "Removing Defendants") hereby serve notice of their removal of the

24  above-entitled action to the United States District Court for the Northern District of

25  California from the Superior Court of the State of California for the County of San

26  Francisco and respectfully avers:

27  ///

28  ///

## PLEADINGS AND PROCEEDINGS TO DATE

1. On or about September 17, 2013, an action was commenced against Removing Defendants in the Superior Court of the State of California for the County of San Francisco entitled *Lisa M. Cadenasso v. Unum Group, Unum Life Insurance Company of America, Dave Jones as Commissioner of Insurance, and Does 1 through 20*, inclusive, under Case No. CGC 13- 534276, by the filing of a Summons and Complaint. Attached hereto as Exhibit "1" is a true copy of the Summons and Complaint of said action, together with the following additional pleadings and papers: Civil Case Cover Sheet; Notice of Service of Process as to Unum Life Insurance Company of America; Notice to Plaintiff /Alternative Dispute Resolution Policy Requirements form; Alternative Dispute Resolution Program Information Package; Stipulation to Alternative Dispute Resolution form; and Case Management Statement form. A complete copy of the state court file will be obtained and filed with this Court when it becomes available.

2. On September 18, 2013, Removing Defendants were served and received a copy of the Summons and Complaint. The foregoing Summons and Complaint constitute all the process, pleadings, and orders served upon Removing Defendants to date.

3. Removing Defendants are informed and believe that on September 19, 2013, Defendant Dave Jones as Commissioner of Insurance was served with the Summons and Complaint. For the reasons stated below, the naming of the Insurance Commissioner as a defendant does not affect the jurisdiction of this Court. Removing Defendants are informed and believe that there has been no service of process upon Does 1 through 20.

///
///
///
///

**DIVERSITY OF CITIZENSHIP JURISDICTION**

4. Removing Defendants are informed and believe that Plaintiff Lisa M. Cadenasso ("Plaintiff" or "Cadenasso") is, and at all times relevant was, a resident and a citizen of Santa Cruz County, California.

5. Defendant Unum Group is a general business corporation organized under the laws of the State of Delaware, with its principal place of business located in Chattanooga, Tennessee. Unum Group is a non-insurance holding company for all of its subsidiary companies. Unum Group's headquarters, which includes its main administrative office, executive offices, and home office, are located in Chattanooga, Tennessee. No executive offices of Unum Group are located in California and no senior management decisions of Unum Group are made in California.

6. Defendant Unum Life Insurance Company of America ("Unum Life") is, and at all times relevant was, a corporation duly organized and existing under the laws of the State of Maine, with its principal place of business located in the City of Portland, Maine. Unum Life's headquarters (main administrative office and home office) is located in Portland, Maine. Unum Life's executive offices are located at its headquarters in Portland, Maine. No executive offices of Unum Life are located in California and no senior management decisions of Unum Life are made in California.

7. The Complaint names as additional defendants, Does 1 through 20, inclusive. These fictitious defendants have not been served with a Summons and Complaint in this action and by reason of the provisions of 28 U.S.C. § 1441(a), these fictitious defendants are to be disregarded for purposes of removal.

8. The Complaint also names as a purported defendant, Dave Jones as Commissioner of the Department Insurance for the State of California ("DOI"). Removing Defendants allege on information and belief that the DOI is a "sham" defendant and that it was fraudulently joined by Plaintiff in an effort to defeat the

1  diversity jurisdiction of this Court, and that no cause of action could be maintained
2  by Plaintiff against this individual defendant for the following reasons:

3    (a)   Test for Establishing Fraudulent Joinder: Under Federal law, a
4  defendant may remove a case naming a non-diverse defendant on the basis of
5  diversity jurisdiction, if the resident defendant was fraudulently joined. *Zogbi v.*
6  *Federated Dep't Store*, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991). The Ninth
7  Circuit has held that "if a plaintiff fails to state a cause of action against a resident
8  defendant, and the failure is obvious according to the settled rules of the state, the
9  joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*,
10 811 F.2d 1336, 1339 (9th Cir. 1987). In *Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D.
11 Cal. 1979), aff'd 710 F.2d 549, the Court stated: "In other words, a joinder is
12 fraudulent if 'there [is] no real intention to get a joint judgment and . . . there [is] no
13 colorable ground for so claiming.' . . . The court may 'pierce the pleadings,
14 consider the entire record, and determine the basis of joinder by any means
15 available.'" 83 F.R.D. at 460. The defendant seeking removal is entitled to present
16 facts showing that the joinder is fraudulent. *McCabe*, 811 F.2d at 1339.

17   (b)   The Cause of Action Against the DOI: Plaintiff's Complaint
18 alleges that the Unum Life group policy at issue in this case, which was approved
19 by the Insurance Commissioner, fails to contain mandatory minimum requirements
20 of the Insurance Code with respect to policy definitions of disability [Complaint,
21 para. 44] and contains proof of claim provisions that are less favorable to insureds
22 than required by California law [Complaint, para. 45]. Plaintiff thus seeks a writ of
23 mandamus compelling the Insurance Commissioner to withdraw and/or revoke
24 approval of the policy and forms either entirely or insofar as the contested
25 provisions allegedly violate sections 10291.5(b)(1) and (13) of the Insurance Code.
26 [Complaint, para. 47; prayer for relief.]
27 ///
28 ///

(c) Reasons Why the DOI is a Sham Defendant: Even if the allegations against the DOI in the present case were made in good faith, diversity jurisdiction is not destroyed for the following reasons:

**First**, under California law, mandate may only issue if the petitioner has no plain, speedy or adequate remedy at law. Code Civ. Proc., § 1086; *Morgan v. Board of Pension Commissioners*, et al., 85 Cal.App.4th 836, 842 (2000). In the present case, Plaintiff is asking the Court to order the Commissioner to reform or withdraw the policy provisions to meet existing California requirements. However, the policy is already automatically conformed to California law by operation of statute. Ins. Code, § 10390. In addition, California courts already have the power to conform a policy to state law. *Interinsurance Exchange v. Ohio Cas. Ins. Co.*, 58 Cal.2d 142, 148 (1962). Thus, a writ seeking to compel the Commissioner to reform the policy is completely improper as Plaintiff already has a speedy and adequate remedy at law.

**Second**, Plaintiff is not entitled to seek a writ of mandamus compelling the Insurance Commissioner to withdraw and/or revoke approval of the policy and forms either entirely or insofar as the contested provisions allegedly violate section 10291.5(b)(1) and (13) of the Insurance Code as a matter of law. This is because the provision relating specifically to the Commissioner's decision to withdraw approval of disability insurance policies is not mandatory, but rather ***discretionary***. Ins. Code, § 10291.5(f). ("Commissioner may withdraw approval of policy or other document or matter required to be approved by the commissioner, or filed with him or her, by this chapter when the commissioner would be authorized to disapprove or refuse filing of the same if originally submitted at the time of the action of withdrawal."); *Schwartz v. Poizner*, 187 Cal.App.4th 592, 596-597 (2010) (The Commissioner does not have a mandatory duty to enforce the provisions of the Insurance Code against insurers). Under California law the Commissioner cannot be compelled to exercise his discretion in the absence of a duty to act. *See*

*Dormax Oil Co. v. Bush*, 42 Cal.App.2d 243, 245 (1940). In fact, California courts have routinely rejected claims for writs against the Insurance Commissioner for failing to withdraw policies under sections 10291.5(b)(1) and (13) of the Insurance Code as a matter of law.[1]

Removing Defendants are further informed and believe that in two recent cases, captioned *Carloni v. Unum Group, et al.*, Case No. CGC-13-529941 (San Francisco Superior Court) and *Rader v. Sun Life Assurance Company of Canada, et al.*, Case No. CGC-13-527904 (San Francisco Superior Court), counsel for the plaintiffs therein also sought a writ against the Insurance Commissioner for failing to withdraw policies under sections 10291.5(b)(1) and (13) of the Insurance Code. On September 26, 2013, the state trial court sustained the DOI's demurrer in both cases without leave to amend. The Court ruled that a "writ of mandate cannot be based on general enforcement provisions or statutes involving the [DOI's] exercise of discretion. Plaintiff also fails to allege facts showing that the defendant abused his discretion." The allegations in *Carloni* and *Rader* against the DOI were virtually identical to the allegations made in the present case and were made by the same counsel. Thus, this issue has been thoroughly adjudicated. True and correct copies of the operative complaints in *Carloni* and *Rader,* as well as the rulings sustaining the demurrers are attached hereto as Exhibit 3.

**Third**, a writ of mandamus is an improper form of relief in the present situation because the Commissioner is not authorized to retroactively revoke

---

[1] *See Blake v. UnumProvident Corp., et al.*, Case No. 07-468239 (San Francisco Superior Court), *Palma v. Prudential Insurance Co. of America, et al.*, Case No. 10-503043 San Francisco Superior Court), *Ferdowsnia v. Standard Life Insurance Co., et al.*, Case No. 10-497627 San Francisco Superior Court), *Eckert v. Guardian Life Ins. Co., et al.*, Case No. 11-514036 (San Francisco Superior Court), *Ellena v. Standard Insurance Co., et al.*, Case No. 11-516008 (San Francisco Superior Court), *Hansen v. Ohio National Life Assurance Corp., et al.*, Case No. 11-508036 (San Francisco Superior Court), *Neubauer v. Unum Group, et al.*, Case No. 10-501792 (San Francisco Superior Court), *Landau v. Reassure America Life Ins. Co., et al.*, Case No. 10-502689 (San Francisco Superior Court); and *Campbell v. Metropolitan Life Ins. Co., et al.*, Case No. 10-505875 (San Francisco Superior Court). True and correct copies of each of these rulings are attached hereto as Exhibit 2, through a declaration from the Attorney General of California on behalf of the Department of Insurance in another action.

approval of a group policy, as requested by Plaintiff.  The Insurance Code authorizes the Commissioner to regulate insurers' use of disability policy forms in the marketplace.  Once a policy form is filed with the Commissioner, the insurer can subsequently use the form without review.  Ins. Code, §§ 10270.9.  Once approval of a policy form is given, the Commissioner is only authorized to "withdraw" his approval of a disability policy form on a prospective basis, in the exercise of his discretion.  Ins. Code, § 10291.5(f).  Withdrawal of approval simply means the insurer may no longer issue or deliver new policies using this disapproved form.  No statute authorizes (and certainly does not require) the Commissioner to revoke or rescind previously approved group disability policy forms.  Thus, withdrawal of approval of total disability policy provisions only operates prospectively on policies issued or delivered in the future, and would not affect Plaintiff's already existing policy.

9. Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 97 S.Ct. 2434 (1977).  This amount includes compensatory (general and special) damages and may include attorney's fees and punitive damages as well.  *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S. Ct. 5, 6 (1943) ("where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount."); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995).

10. Plaintiff is seeking disability benefits under the policy in excess of $2,281 per month.  Plaintiff has alleged that she has remained disabled since September 23, 2011 when her claim was terminated and expects to remain disabled through trial in this matter.  [Complaint, para. 22.]  Removing Defendants are

1  informed and believe that Plaintiff is also seeking future disability benefits in this
2  action to the age of seeking 67, the maximum period allowed by the policy.  Thus,
3  Plaintiff is seeking in excess of $75,000 in disability benefits and interest as of the
4  date of filing of the Complaint.
5       11.   Plaintiff is also seeking attorney's fees in her Complaint.  [Complaint,
6  para. 25.]  Under federal law, if attorney's fees are recoverable by Plaintiff, by
7  statute or contract, the fee claim is included in determining the amount in
8  controversy.  *Goldberg v. CPC Int'l*, 678 F.2d 1365 (9th Cir. 1982).  Under
9  California law, attorney's fees are recoverable to the extent they were expended in
10 the pursuit of contract damages, assuming Plaintiff can prove that the insurance
11 company acted in "bad faith."  *Brandt v. Superior Court*, 37 Cal.3d 813, 210
12 Cal.Rptr. 211 (1985).  Plaintiff has made that allegation here.
13      12.   Likewise, Plaintiff is also seeking emotional distress damages in her
14 Complaint.  [Complaint, para. 24.]  California law authorizes the recovery of
15 emotional distress damages in an action for breach of the implied covenant of good
16 faith and fair dealing against an insurer.  *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566,
17 580, 510 P.2d 1032, 108 Cal.Rptr. 480 489 (1973).  The amount in controversy may
18 also include bad faith consequential damages if they are recoverable as a matter of
19 state law, and it cannot be said to a legal certainty that Plaintiff would under no
20 circumstances be entitled to recover the jurisdictional amount.  *Anthony v. Security*
21 *Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).
22      13.   Finally, Plaintiff is seeking punitive damages under California law.
23 [Complaint, para. 26.]  Thus, for all of the foregoing reasons, the amount in
24 controversy in this action exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

27      14.   Service was effectuated upon Removing Defendants on September 18,
28 2013.  This Notice of Removal is filed within thirty (30) days of said date, and

within one year of the date of commencement of the Action. This removal is, therefore, timely under 28 U.S.C. § 1446(b).

**VENUE**

15. This is a suit of a wholly civil nature brought in a California court. The action is pending in San Francisco County, California, and, accordingly, under Title 28 United States Code §§ 84(a) and 1441(a), and Title 29 United States Code Section 1132(e)(2), the United States District Court for the Northern District of California is the proper forum for removal.

WHEREFORE, Removing Defendants Unum Group and Unum Life Insurance Company of America pray that the above-referenced action now pending in the San Francisco County Superior Court, State of California, Civil Division, Case No. CGC-13-534276, be removed from that court to this United States District Court.

Dated: October 18, 2013

Burke, Williams & Sorensen, LLP
Daniel W. Maguire
Michael B. Bernacchi

By: */s/ Michael B. Bernacchi*
    Michael B. Bernacchi
Attorneys for Defendants
Unum Group and Unum Life Insurance Company of America