# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Unum Group; Unum Life Insurance Company of America; Dave Jones as Commissioner of Insurance; and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Lisa M. Cadenasso

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>San Francisco Superior Court, 400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER:<br>(Número del Caso):<br>CGC-13-534276 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Arnold R. Levinson, Pillsbury & Levinson, 600 Montgomery St., #31, San Francisco, CA 94111, 415/4338000

CLERK OF THE COURT

| DATE:<br>(Fecha) | SEP 1 7 2013 | Clerk, by<br>(Secretario) | ELLIS JU | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): UNUM LIFE INSURANCE COMPANY OF AMERICA

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov.

American LegalNet, Inc.
www.FormsWorkflow.com

10

1  Arnold R. Levinson      (State Bar No. 066583)
   Terrence J. Coleman     (State Bar No. 172183)
2  Ryan H. Opgenorth (State Bar No. 252273)
   PILLSBURY & LEVINSON, LLP
3  The Transamerica Pyramid
   600 Montgomery St., 31st Floor
4  San Francisco, California 94111
   Telephone: (415) 433-8000
5  Facsimile:  (415) 433-4816
   Email: alevinson@pillsburylevinson.com
6          tcoleman@pillsburylevinson.com
           ropgenorth@pillsburylevinson.com
7
   Attorneys for Plaintiff
8  LISA M. CADENASSO

SAN FRANCISCO COUNTY
SUPERIOR COURT

13 SEP 17  AM 1: 11

9                SUPERIOR COURT OF CALIFORNIA

10                COUNTY OF SAN FRANCISCO

11

12  LISA M. CADENASSO,                    )  Case No. C G C - 1 3 - 5 3 4 2 7 6
                                          )
13                Plaintiff,              )  COMPLAINT FOR BREACH OF
                                          )  CONTRACT; BREACH OF THE
14  v.                                    )  COVENANT OF GOOD FAITH AND
                                          )  FAIR DEALING; and WRIT OF
15  UNUM GROUP; UNUM LIFE INSURANCE       )  MANDAMUS
    COMPANY OF AMERICA; DAVE JONES        )
16  AS COMMISSIONER OF INSURANCE; and     )  DEMAND FOR JURY TRIAL
    DOES 1-20, inclusive,                 )
17                                        )
                  Defendants.             )
18  _____)

19

20      Plaintiff alleges on information and belief as follows:

21      1.      Defendants UNUM GROUP and UNUM LIFE INSURANCE COMPANY OF

22  AMERICA ("UNUM LIFE") were and are business entities authorized to transact business in the

23  State of California, including the marketing, sale and issuance of disability insurance.

24      2.      UNUM LIFE is now wholly owned and operated by Defendant UNUM GROUP and

25  has no employees.  UNUM LIFE and UNUM GROUP are collectively referred to hereafter as the

26  "UNUM Defendants."  The UNUM Defendants, in concert and as joint venturers, handled and

27  processed Plaintiff's claim for benefits as described below, and UNUM GROUP is the alter ego of

28  UNUM LIFE.  UNUM GROUP controlled, directed and/or supervised the activities of UNUM LIFE.

-1-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS                    Case No.

11

3.     Defendant UNUM GROUP owns and/or operates a number of insurance companies, including Defendant UNUM LIFE. None of the insurance companies employ their own employees. Instead, the claims processes of all the insurance companies are consolidated into a claims operation which is operated entirely by UNUM GROUP and by employees, all of whom are employed by UNUM GROUP.

4.     Claims employees and physicians are employed by UNUM GROUP and used among all insurers which are part of the UNUM GROUP empire and are owned either directly or indirectly by UNUM GROUP. Said physicians and employees are used to process claims for all such insurers without distinction, and the methods employed to handle claims among all insurers are coordinated by high level claims personnel and employed throughout the claims of all insurers under the UNUM GROUP umbrella.

5.     Correspondence regarding claims in general, and in connection with Plaintiff's claim, contains the letterhead of UNUM GROUP, rather than the individual insurance company.

6.     The methods and claims procedures, employees and consulting physicians are used in the same manner throughout the entire UNUM GROUP claims process without any material differences between insurers and are all supervised by the same high level UNUM GROUP claims personnel.

7.     Statistics are maintained and provided to high level UNUM GROUP claims personnel for all of the insurers within the UNUM GROUP empire, compared with each other and used to increase the profitability of the claims operation of each insurer at the expense of legitimate claims.

8.     The Insurance Commissioners of all 50 states undertook an examination of the UNUM Defendants' conduct on or about 2003 in light of repeated and reported claims abuses. As a result of these investigations the UNUM Defendants were repeatedly advised of claims activities which investigators believed were unfair, improper and abusive in connection with the UNUM Defendants' obligations to handle claims.

9.     Two settlement agreements were entered into by the UNUM Defendants, the Multi-State Regulatory Settlement Agreement ("RSA") and the California Settlement Agreement ("CSA"). Both of these settlement agreements were extensively reviewed and approved at the highest level of

-2-
COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS                    Case No.

1    the UNUM Defendants and the UNUM Defendants were clearly made aware that their approach to

2    claims handling was in substantial violation to their legal duties. In accordance with both of these

3    agreements, the UNUM Defendants were to make specific and general modifications to their claims

4    processes. The specific requirements were not meant to be exhaustive, but to be some of the minimal

5    standards necessary to the fair evaluation of claims consistent with, *inter alia*, California law and

6    generally accepted fair claims handling standards. These settlement agreements were intended, *inter*

7    *alia*, as clear and unequivocal notice to the UNUM Defendants that they were required to handle all

8    claims fairly and in good faith in all aspects.

9          10.     In the CSA, UNUM GROUP and the companies within its empire agreed to change

10    specific practices they knew to be unfair, harmful to insureds and violative of their insureds' rights,

11    but had been employed by UNUM GROUP and its companies to support the denial of legitimate

12    claims. In addition, as noted, these agreements served as clear and unequivocal notice to the UNUM

13    Defendants that they were required to handle all claims fairly and in good faith in all aspects. The

14    UNUM Defendants were expected to follow both the spirit and the letter of these agreements.

15          11.     It was the responsibility of UNUM GROUP and its claims personnel to implement the

16    changes agreed to under the CSA within and throughout UNUM GROUP and the insurers within its

17    empire, including UNUM LIFE, including those changes demanded by both the letter and spirit of the

18    agreements.

19          12.     UNUM GROUP and its insurers paid lip service to these changes, but in reality has

20    refused to make all of the changes it agreed to make and has continued to deliberately operate its

21    claims department in a manner intended to create a basis to deny disability claims and to increase its

22    profits at the expense of insureds by continuing to deny their legitimate claims. Many of the practices

23    which UNUM GROUP and its insurers agreed not to employ were, in fact, employed to deny

24    Plaintiff's claim. UNUM GROUP and its insurers have sought to interpret the agreements in the most

25    limited fashion possible in order to avoid both the letter and spirit of the agreements and their

26    obligation to handle claims fairly and in good faith.

27          13.     In connection with Plaintiff's claims below, the UNUM Defendants have clearly

28    violated obligations demanded both by the spirit and letter of these agreements, their own internal

-3-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS          Case No.

1  policies and their clear and unequivocal knowledge of what is required for proper claims handling and

2  their good faith duties to their insureds.

3       14.     Plaintiff is ignorant of the true names and capacities of the Defendants named herein as

4  Does 1 through 20, inclusive, and therefore sues these Defendants by said fictitious names. Plaintiff

5  will amend this Complaint to allege their true names and capacities when they have been ascertained.

6       15.     At all material times herein, each Defendant was acting as individuals or as the agents

7  and employees of the remaining Defendants and in doing the things hereinafter alleged was acting

8  either individually or within the course and scope of said agency and with the permission and consent

9  of its principal. The acts and conduct alleged herein of each said Defendant were known to,

10  authorized by, and/or ratified by the other Defendants.

11       16.     As a teacher for the Pajaro Valley Unified School District, Plaintiff was entitled to and

12  did enroll in a Group Long Term Disability Insurance Policy, issued by the UNUM Defendants to the

13  Pajaro Valley Unified School District, Policy No. 581152 001, referred to hereafter as "the Policy."

14  The Policy was solicited, applied for, and issued and delivered in California.

15       17.     At all material times hereto, Plaintiff was insured under the Policy, which obligates

16  SUN LIFE to pay and provide monthly disability benefits in the event of a covered total and/or partial

17  disability.

18       18.     The Policy purports to define "Disability" as follows:

19       "You are disabled when Unum determines that:

20       –   you are **limited** from performing the **material and substantial duties**

21       of your **regular occupation** due to sickness or **injury**; and

22       –   you have a 20% or more loss in your **indexed monthly earnings** due to

23       the same sickness or injury.

24       After 36 months of payments, you are disabled when Unum determines

25       that due to the same sickness or injury, you are unable to perform the

26       duties of any **gainful occupation** for which you are reasonably fitted

27       by education, training or experience."

28

-4-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS       Case No.

1       19.    At all material times herein, Plaintiff complied with all the material

2   provisions pertaining to the Policy. At all material times herein, the Policy was in full

3   force and effect.

4       20.    As of on or about November 1, 2003, and while said Policy was in full force and

5   effect, Plaintiff became disabled as a result of, *inter alia*, kidney disease and renal failure and its

6   related symptoms, and Plaintiff accordingly became entitled to benefits. In or about October 2010,

7   after suffering for 7 years from chronic renal failure, Plaintiff underwent a kidney transplant.

8   Notwithstanding the transplant, Plaintiff suffered and continues to suffer from, *inter alia*, significant

9   cognitive impairment, including concentration problems, memory impairment, word finding

10   difficulty and impaired processing speed; neuropathy; and other debilitating side effects from the

11   powerful medications Plaintiff must take to prevent her body from rejecting the transplanted kidney.

12   Plaintiff has been and remains totally disabled.

13       21.    Plaintiff provided notice of disability and claim to the UNUM Defendants and

14   submitted completed claim forms for benefits.

15       22.    For nearly 8 years, the UNUM Defendants paid the monthly disability benefits to

16   which Plaintiff was entitled. But by letter dated September 23, 2011, the UNUM Defendants

17   wrongfully denied Plaintiff's claim for disability benefits despite the fact that Plaintiff was and

18   remains unable to perform the substantial and material duties of her own or any gainful occupation

19   with reasonable continuity in the usual and customary way and thereby remains entitled to such

20   benefits. In denying benefits, the UNUM Defendants claimed that Plaintiff's kidney function had

21   sufficiently improved to permit a return to work. Following the denial, Plaintiff's treating physicians

22   provided clear and overwhelming evidence that Plaintiff continued to be disabled from severe

23   complications, including polyneuropathy and pain, memory and concentration defects, polyuria and

24   headaches. The UNUM Defendants ignored this information, and they have denied any ongoing

25   liability for Plaintiff's claim and have refused and continues to refuse to pay Plaintiff's disability

26   benefits notwithstanding Plaintiff's continuing disability and entitlement to benefits under the Policy.

27       23.    As a result of the actions of Defendants, and each of them, Plaintiff has been denied

28   disability benefits under the Policy to which she is entitled.

-5-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS          Case No.

1     24.    As a result of the actions of Defendants, and each of them, Plaintiff has suffered

2 emotional distress and anxiety in an amount to be shown at trial.

3     25.    As a further result of the actions of Defendants, and each of them, Plaintiff has been

4 forced to engage the services of legal counsel for the purpose of obtaining her insurance benefits and

5 has suffered other consequential loss.

6     26.    At all material times herein, the UNUM Defendants and Does 1 through 10 have

7 engaged in conduct that was oppressive, fraudulent and malicious within the meaning of Civil Code

8 §3294, and said Defendants, and each of them, are liable for exemplary damages in an amount to be

9 shown at trial, including treble punitive damages pursuant to Civil Code §3345. Plaintiff is disabled

10 within the meaning of Civil Code §1761(g) and the UNUM Defendants and Does 1 through 10, and

11 each of them, knew or should have known that its conduct was directed to a disabled person within

12 the meaning of Civil Code §1761(g); Defendants' conduct caused Plaintiff to suffer loss of

13 replacement income and assets essential to her health and welfare; and Plaintiff was substantially

14 more vulnerable than other members of the public to Defendants' conduct due to poor health and

15 disability and actually suffered substantial physical, emotional, or economic damage resulting from

16 Defendants' conduct.

17 ### FIRST CAUSE OF ACTION

18 #### Breach of Contract
#### (against the UNUM Defendants and Does 1 through 10)

19

20     27.    Plaintiff realleges and incorporates by reference herein, Paragraphs 1 through 26 of this

21 Complaint as though fully set forth herein.

22     28.    At all material times herein, Defendants, and each of them, issued disability insurance

23 to Plaintiff as aforesaid.

24     29.    Plaintiff has complied with all material conditions required under the terms of the

25 Policy.

26     30.    Plaintiff is disabled from her occupation and any other gainful occupation and Plaintiff

27 is entitled to benefits under the aforementioned Policy. Defendants, and each of them, are estopped

28

-6-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS             Case No.

1 | from asserting and have waived all contractual provisions, if any, purporting to limit their obligations

2 | to provide disability benefits.

3 | 31.    At all material times herein, Defendants, and each of them, have failed and refused to

4 | honor their Policy of insurance with Plaintiff and Defendants, and each of them, have refused to pay

5 | benefits due under the Policy and are liable for breach of contract.

6 | 32.    As a proximate result of Defendants' actions, Plaintiff has been damaged as set forth in

7 | Paragraphs 23-25 above.

8 | **SECOND CAUSE OF ACTION**

9 | **Breach of the Covenant of Good Faith and Fair Dealing**

10 | **(against the UNUM Defendants and Does 1 through 10)**

11 | 33.    Plaintiff realleges and incorporates by reference herein, Paragraphs 1 through 32 of this

12 | Complaint as though fully set forth herein.

13 | 34.    At all material times herein, Defendants, and each of them, owed Plaintiff a duty of

14 | good faith and fair dealing with respect to the payment of her insurance benefits and covenanted that

15 | they would do nothing to impair Plaintiff's rights to receive the benefits of the insurance Policy.

16 | 35.    At all material times herein, Defendants, and each of them, violated their covenant of

17 | good faith and fair dealing by, *inter alia*, the following:

18 | A.    Consciously and unreasonably failing to investigate or evaluate Plaintiff's claim

19 | fairly or in good faith, but, on the other hand, utilizing the information available to it in a manner

20 | calculated to provide it with a wrongful but plausible sounding justification to deny benefits;

21 | B.    Consciously and unreasonably setting out to create a plausible sounding basis

22 | upon which to deny Plaintiff's claim and seeking to obtain information calculated to permit it to claim

23 | that it had a plausible sounding basis upon which to deny Plaintiff's benefits;

24 | C.    Consciously and unreasonably failing to thoroughly and fairly investigate all

25 | information reasonably available to it;

26 | D.    Consciously and unreasonably failing to investigate all bases upon which to pay

27 | and honor Plaintiff's claim for benefits and consciously and unreasonably failing to investigate all

28 | bases to support coverage;

-7-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS

Case No.

E.    Consciously and unreasonably delaying, refusing, and continuing to refuse to pay Plaintiff benefits properly payable under the Policy and to deprive Plaintiff of her rightful benefits with the knowledge that said delays and denials were and are wrongful and contrary to their obligations under their Policy and the law;

F.    Consciously and unreasonably failing to investigate Plaintiff's claim fairly and in good faith and refusing to give Plaintiff's interests at least as much consideration as they gave their own;

G.    Consciously and unreasonably failing to adopt and implement reasonable or proper standards applicable to the prompt and fair investigation of processing of Plaintiff's claim under the Policy;

H.    Consciously and unreasonably failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim even though liability therefor was and is reasonably clear;

I.    Consciously and unreasonably refusing to pay Plaintiff's claim with the knowledge that Plaintiff's claim is payable and with the intent of saving them money at Plaintiff's expense;

J.    Consciously and unreasonably adopting a position and interpretation of the meaning of "Disability" under the Policy which it knew to be improper; and

K.    Consciously and unreasonably interpreting information available to it in such a way as would justify termination of benefits even though Defendants knew that such interpretation was contrary to the facts and was wrongful.

36.    Said conduct of Defendants, and each of them, included unfair or deceptive acts or practices or unfair methods of competition as part of a pattern and practice of improper claims administration. In particular, the UNUM Defendants violated and/or ignored many of the claims practices required under the CSA and did so in order to achieve and/or maintain the denial of benefits.

37.    As a proximate result of Defendants' actions, Plaintiff has been damaged as set forth in Paragraphs 23 through 25 above. Further, Plaintiff seeks punitive damages from the Defendants, and each of them, as set forth in Paragraph 26 above.

-8-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS                    Case No.

18

### THIRD CAUSE OF ACTION

<u>Writ of Mandamus</u>
(against JONES as COMMISSIONER OF THE CALIFORNIA
DEPARTMENT OF INSURANCE and Does 11-20)

38.     Plaintiff realleges and incorporates by reference herein, Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

39.     The California Department of Insurance (hereinafter "DOI") is a governmental agency unit of the State of California, and operates independently under the control of an elected Insurance Commissioner (hereinafter "COMMISSIONER") pursuant to Insurance Code § 12906. The COMMISSIONER is presently DAVE JONES. The DOI is required by Insurance Code § 12905 to maintain their offices in San Francisco and the DOI and COMMISSIONER do so.

40.     The COMMISSIONER must approve all disability insurance policies for sale, issuance or delivery in California pursuant to Insurance Code §§ 10270.9, 10290 and 10291.5. The COMMISSIONER is required to rigorously apply standards in order to "prevent, in respect to disability insurance, fraud, unfair trade practices and insurance economically unsound to the insured." §10291.5(a)(1). Further, the COMMISSIONER is prohibited by law from approving any disability policy which is uncertain, ambiguous or likely to mislead a person to whom the policy is offered, delivered or issued. § 10291.5(b)(1).

41.     The COMMISSIONER is also prohibited from approving any disability policy which fails to conform in any respect with any law of this state. § 10291.5(b)(13). This duty is mandatory, and operates independently of and / or in addition to § 10390's requirement that disability policies be construed to conform with the Insurance Code even if they include less favorable provisions.

42.     Insurance Code § 12921 mandates that "The COMMISSIONER shall perform all duties imposed upon him by provisions of this Code and other laws regulating the business of insurance in this State, and shall enforce the execution of such provisions and laws." Section 12926 mandates that "The COMMISSIONER shall require from every insurer a full compliance with all provisions of [the Insurance] Code." Further, § 12940 provides that "The acts and orders of the COMMISSIONER are subject to such review, or other action by a court of competent jurisdiction, as is permitted or authorized by law."

-9-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS          Case No.

19

43.     On information and belief, Plaintiff alleges that the COMMISSIONER and the DOI approved the policy forms comprising the Policy under which Plaintiff was insured. Their approval of such forms violated their mandatory duties under California law as discussed, *supra*, and constituted an abuse of discretion. The forms failed to contain mandatory minimum requirements of the Insurance Code with respect to policy definitions of disability and contain "proof of claim" provisions that are at variance with and less favorable to their insureds than required by California law.

44.     In particular, the Policy purports to condition payment of disability benefits without regard to whether the insured is able to perform the substantial and material duties of his own or other gainful occupation *with reasonable continuity* and *in the usual and customary way*. In determining disability under an own occupation analysis, California law requires insurers to take into consideration an insured's ability to work in his or her usual occupation with reasonable continuity in the usual and customary way. Likewise, in determining total disability under an any occupation analysis, California law requires insurers to take into consideration an insured's ability to work in any occupation for which she is reasonably fitted by education, training and experience with reasonable continuity and in the usual and customary way. The UNUM Defendants' Policy purports to allow them to omit any consideration as to the insured's ability to perform the occupation with reasonable continuity in the usual and customary way when determining whether an insured is totally disabled, and, when making its disability determination, the UNUM Defendants failed and refused to consider such factors. The subject Policy and forms therefore failed to comply with § 10291.5(b)(1) and (13), but the COMMISSIONER nevertheless approved such Policy and forms. Plaintiff learned for the first time that Defendants would in fact not give consideration to such factors upon the denial of her benefits in September of 2011.

45.     The Policy further purports to contain a Proof of Claim provision, which the UNUM Defendants contend requires submission of contemporaneous treatment records in order for disability to be established and benefits to become payable. Such a provision allows an insurer to withhold all benefits to a plainly disabled insured, even where, as here, the disability is established by certifications and statements of disability by treating physicians and subsequent examinations and testing.

-10-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS                    Case No.

20

1   Accordingly, the subject Policy failed to comply with California law, and in particular § 10291.5(b)(1)

2   and (13), but the COMMISSIONER nevertheless approved such Policy.

3       46.    On information and belief, Plaintiff alleges that the COMMISSIONER and DOI have

4   failed to perform the duties imposed upon the COMMISSIONER to require compliance with the

5   California Insurance Code, including but not limited to §§790.03(h) and 10291.5, as well as the Fair

6   Claims Settlement Practices Regulations. The acts and omissions of the COMMISSIONER and DOI

7   have contributed to Defendants' ability to perpetuate the unlawful, fraudulent and other wrongful acts

8   alleged herein.

9       47.    By this action, Plaintiff seeks, in addition to all other remedies sought herein, an order

10   from this Court mandating that the COMMISSIONER and DOI perform the duties imposed upon

11   them by law, as described hereinabove, and take corrective action as is reasonably necessary to

12   respond to the fraudulent and unlawful conduct of Defendants, including but not limited to, the

13   correction of Defendants' insurance policy forms to conform to California law. In particular, Plaintiff

14   seeks a writ of mandate compelling the COMMISSIONER to withdraw and/or revoke approval of the

15   Policy and forms, either entirely or insofar as their provisions violate § 10291.5(b)(1) and (13) as

16   described above.

17       WHEREFORE, Plaintiff prays as follows:

18       <u>AS TO THE FIRST AND SECOND CAUSES OF ACTION</u>

19       1.    For damages according to proof;

20       2.    For general damages according to proof;

21       3.    For exemplary damages according to proof;

22       4.    For attorneys' fees and costs as sued herein; and

23       5.    For such other and further relief as the Court may find appropriate.

24       <u>AS TO THE THIRD CAUSE OF ACTION</u>

25       6.    A Writ mandating that the COMMISSIONER and DOI perform the duties imposed

26   upon them by law, including corrective action with respect to the subject Policy and policy forms at

27   issue herein, and in particular, a writ of mandate compelling the COMMISSIONER to withdraw

28

-11-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS       Case No.

1   and/or revoke approval of the Policy and forms, either entirely or insofar as their provisions violate §

2   10291.5(b)(1) and (13).

3         7.     For such other and further relief as the Court may find appropriate.

4   **JURY TRIAL IS HEREBY DEMANDED**

5

6   Dated:  September 17, 2013                PILLSBURY & LEVINSON, LLP

7

8                       By: _____

9                           Arnold R. Levinson
                        Terrence J. Coleman

10                          Ryan H. Opgenorth
                        Attorneys for Plaintiff

11                          LISA M. CADENASSO

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS        Case No.

22

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*: | **FOR COURT USE ONLY** |
|---|---|
| Arnold R. Levinson                          066583 <br> Pillsbury & Levinson LLP <br> 600 Montgomery St., 31st Fl., San Francisco, CA 94111 <br> TELEPHONE NO: 415/433-8000    FAX NO: 415/433-4816 <br> ATTORNEY FOR *(Name)*: Plaintiff, Lisa M. Cadenasso | SAN FRANCISCO COUNTY <br> SUPERIOR COURT <br><br> 13 SEP 17 AM 1: 11 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

| CASE NAME:    Lisa M. Cadenasso v. Unum Group, et al. | |
|---|---|

| **CIVIL CASE COVER SHEET** <br> ☑ Unlimited   ☐ Limited <br> (Amount      (Amount <br> demanded    demanded is <br> exceeds $25,000)  $25,000 or less) | **Complex Case Designation** <br> ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br> CGC-13-534276 <br> JUDGE: <br> DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☑ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence         f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: Three (3)
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 17, 2013
Terrence J. Coleman
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.CalCourtForms.com   www.courtinfo.ca.gov |
|---|---|---|

23



**CORPORATION SERVICE COMPANY**

**KG3 / ALL**
**Transmittal Number: 11619073**
**Date Processed: 09/19/2013**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Jen Majic<br>UNUM Group<br>1 Fountain Square<br>Chattanooga, TN 37402 |
| **Copy of transmittal only provided to:** | Janna Mullin-Erickson |

| | |
|---|---|
| **Entity:** | Unum Life Insurance Company Of America<br>Entity ID Number  2979591 |
| **Entity Served:** | Unum Life Insurance Company of America |
| **Title of Action:** | Lisa M. Cadenasso vs. Unum Group |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | San Francisco County Superior Court, California |
| **Case/Reference No:** | CGC-13-534276 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 09/18/2013 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Arnold R. Levinson<br>415-433-8000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

CASE NUMBER: CGC-13-534276 LISA M. CADENASSO VS. UNUM GROUP et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **FEB-19-2014** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

25



# Superior Court of California, County of San Francisco
# Alternative Dispute Resolution
# Program Information Package



> The plaintiff must serve a copy of the ADR Information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

ADR-1  07/12 (ja)                    Page 1

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at **no cost** up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at no cost one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will very depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br><br>DEPARTMENT 610 |

**1)    The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐    **Early Settlement Program of the Bar Association of San Francisco (BASF) -** Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party.  Waivers are available to those who qualify.  BASF handles notification to all parties, conflict checks with the panelists, and full case management.  www.sfbar.org/esp

☐    **Mediation Services of BASF -** Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate.  Waivers of the administrative fee are available to those who qualify.  BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐    **Private Mediation -** Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐    **Judicial Arbitration -** Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought.  The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program.  www.sfsuperiorcourt.org

☐    **Other ADR process (describe)** _____

**2)    The parties agree that the ADR Process shall be completed by (date):** _____

**3)    Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐    *Additional signature(s) attached*

ADR-2  07/12             **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

29

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:      FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

  STREET ADDRESS:

  MAILING ADDRESS:

  CITY AND ZIP CODE:

  BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:      Time:      Dept.:      Div.:      Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. Party or parties *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. Description of case
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Page 1 of 5 <br> Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courts.ca.gov |
|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed. including medical expenses to date [indicate source and amount]. estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a. ☐   The trial has been set for *(date):*
b. ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐   days *(specify number):*
b. ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                   f.   Fax number:
e.   E-mail address:                                        g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**31**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

| | | **CM-110** |
|---|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: | | |

**11. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
- a. ☐ There are companion, underlying, or related cases.
  - (1) Name of case:
  - (2) Name of court:
  - (3) Case number:
  - (4) Status:
  ☐ Additional cases are described in Attachment 13a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

  | Party | Description | Date |
  |---|---|---|

- c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(If checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

34